**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FRANK ESTIVEN QUINTANILLA CRUZ,<br>*Petitioner*,<br>v.<br>VERNON LIGGINS, et al.,<br>*Respondents* | Case No. 1:26-cv-01974-ABA |

**MEMORANDUM OPINION**

Petitioner Frank Estiven Quintanilla Cruz ("Petitioner" or "Quintanilla Cruz") has filed a motion to enforce the Court's prior order requiring that he receive a bond hearing (the "Bond Hearing Order"). *See* ECF Nos. 11, 16. For the reasons outlined below, the Court concludes that the immigration judge who conducted the custody redetermination hearing in this case complied with that order, and the Court otherwise lacks jurisdiction to review the immigration judge's decision to deny bond. Accordingly, the Court will deny Petitioner's motion and close this case.

## I. BACKGROUND

On May 19, 2026, Petitioner, a native and citizen of El Salvador, was detained by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶¶ 49–50. That same day, Petitioner filed a petition for a writ of habeas corpus in this Court. ECF No. 1. On May 22, upon reviewing the petition and a joint notice filed by the parties, ECF No. 10, the Court granted the petition in part and ordered, in relevant part, that "[a] bond hearing shall be held within fourteen (14) days of Petitioner's filing of a motion with the Immigration Court," and that the hearing "must comply in all respects with the

regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions." ECF No. 11 ¶¶ 4–5.

On June 4, Petitioner filed a Motion for Custody Redetermination before the Hyattsville, Maryland Immigration Court. *See* ECF No. 16-3. A custody redetermination hearing was held on June 12. *See* ECF No. 16-2. The immigration judge denied bond, determining that Petitioner "is a danger to the community" and a "flight risk," *id.*, for the following reasons:

> [T]he respondent is a danger to the community. He was subject to a protective order, which has been rescinded. However, the court is concerned about the conduct that was described. This conduct could be described . . . as menacing . . . behavior, and it was sufficient for a court in Maryland to issue . . . an order of protection. Poor impulse control is a danger to the community because poor impulse control can lead to . . . dangerous consequences. And very likely that is why the . . . the Court in Maryland issued a . . . protective order. The court also finds that the respondent is a risk of flight and the Court . . . will set no bond . . . because the Court finds that the respondent is a risk of flight. The respondent has been ordered removed from the United States. The respondent does not have any . . . other way of obtaining lawful immigration status in the United States.

ECF No. 24-2 at 4. Following that opinion, Petitioner filed a motion to enforce this Court's Bond Hearing Order (ECF No. 16). Respondents filed an opposition (ECF No. 18), and Petitioner filed a reply (ECF No. 19). Neither party, however, filed a record of the hearing before the immigration judge, and the Court accordingly stayed the case "until Petitioner files such a record." ECF No. 22. Petitioner filed a transcript of the

hearing on September 18, ECF No. 24, and a motion to file a supplemental brief on October 9.[1]

## II. DISCUSSION

Petitioner argues that the Immigration Court did not conduct a "genuine, individualized assessment of flight risk" as required by the Bond Hearing Order, which required that he receive a bond hearing that complies "in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions." ECF No. 16 ¶ 9; ECF No. ECF No. 9 ¶ 5. Petitioner further argues the immigration judge's decision lacked "a constitutionally adequate factual basis." ECF No. 16 ¶ 33. Before addressing these arguments, however, the Court must first evaluate whether it has jurisdiction over these claims. For the reasons outlined below, the Court concludes it does not.

In the Bond Hearing Order, the Court held that Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226. Section 1226(e) states that:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). This provision precludes a petitioner from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release," but not does not bar "challenges [to] the statutory framework that permits [a petitioner's] detention without bail."

[1] The Court will grant Petitioner's motion to file a supplemental brief (ECF No. 28), and has considered that brief in deciding Petitioner's motion to enforce.

*Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *see also Miranda v. Garland*, 34 F.4th 338, 352 (4th Cir. 2022) (holding that § 1226(e) bars review of "a specific act or decision regarding bond or parole decisions" but not "a constitutional challenge to" the "categorical, across-the-board nature" of a regulation). As this Court has previously explained, "both the plain text of § 1226(e) and binding precedent indicate that federal courts lack jurisdiction to review discretionary determinations regarding bond." *Blanco De Villatoro v. Bondi*, Case No. 26-cv-493-ABA, 2026 WL 1615264, at *3 (D. Md. June 4, 2026).

Petitioner argues that "his right to due process was violated because the Respondents did not follow agency precedent in violation of 8 C.F.R. § 103.10(b)," a claim he argues is reviewable by this Court. ECF No. 19 ¶ 16. Petitioner argues that the immigration judge "refused to consider, and never addressed, the Petitioner's history and community ties," and instead "held that the Petitioner was a danger to the community on the basis of a single complaint filed by Petitioner's former partner, Astrid Carranza." ECF No. 16 ¶ 29–30; *see also* ECF No. 28-2 at 13 ("[T]he Immigration Judge never . . . acknowledged the many favorable factors in Petitioner's life that would keep him living, working, and being with family in Maryland."). This Court lacks jurisdiction to review an immigration judge's weighing of the relevant factors in making an individualized bond determination. *See Miranda,* 34 F.4th at 362 (explaining that immigration judges have wide discretion "to decide which factors are relevant in determining if an alien is entitled to bond, and, if so, how much bond should be imposed"); *see also In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to

one factor over others, as long as the decision is reasonable."). Petitioner argues that § 1226(e) does not apply because his claim is that the immigration judge violated due process, and in *Jennings*, the Supreme Court "determined it could hear the merits of the case because the noncitizen respondents 'contest[ed] the constitutionality of the entire statutory scheme.'" ECF No. 19 ¶¶ 11–16 (quoting *Jennings*, 583 U.S. at 296). But here, having reviewed the full transcript of the hearing before the immigration judge and Petitioner's motion in this Court challenging the immigration judge's denial of bond, it is clear that Petitioner does not challenge "a statutory framework," *Jennings*, 583 U.S. at 295, or the "categorical, across-the-board nature" of a statue or regulation, *Miranda*, 34 F.4th at 352, but rather challenges the immigration judge's discretionary consideration of the facts and weighing of the relevant factors. That is, he challenges the immigration judge's "specific act or decision regarding bond." *Miranda*, 34 F.4th at 352.

Accordingly, the Court does not have jurisdiction to review Petitioner's claims. Although this Court's jurisdiction to review the immigration judge's denial of bond is limited by statute, Petitioner may separately have a right to appeal to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.19(f) ("An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals.").

## III. CONCLUSION

For these reasons, the Court will deny the motion to enforce the Bond Hearing Order and order the Clerk of the Court to close the case. A separate order follows.

Date: October 20, 2026

/s/
Adam B. Abelson
United States District Judge